UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WANITA J. FROST, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-84-JDL |
| | ) | |
| WALMART DC, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT

The defendant, Walmart DC,[1] moves for summary judgment in this action arising out of the termination of the plaintiff's employment in 2011. Because the *pro se* plaintiff's claims are barred by the applicable statutes of limitations, I recommend that the court grant the motion.

**I. Applicable Legal Standards**

**A. Federal Rule of Civil Procedure 56**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). "A dispute is genuine if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.'" *Johnson v. University of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (quoting *Thompson v. Coca-Cola Co.*, 522

---

[1] The complaint names Walmart DC as the defendant. In its answer, the defendant contends that Wal-Mart Stores East, L.P., is the appropriate party, *see* ECF No. 11 at 1, but the defendant did not seek substitution. *See* Fed. R. Civ. P. 25. In her opposing papers to the defendant's motion for summary judgment, the plaintiff continues to contend that she "worked for Wal-Mart DC, Lewiston, Maine." ECF No. 39 at 1.

F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id*. (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Johnson,* 714 F.3d at 52. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007) (quoting *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006) (emphasis omitted)); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

**B.  Local Rule 56**

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional

2

statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Local Rule 56 directs that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## II.  Factual Background

The following facts are appropriately presented in the defendant's statement of material facts and not disputed by the plaintiff.

The plaintiff's employment by the defendant was terminated on January 14, 2011. Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary judgment ("Defendant's SMF") (ECF No. 36) ¶ 1; Plaintiff Wanita J. Frost's Objection to Motion for Summary Judgment ("Plaintiff's Responsive SMF") (ECF No. 39) ¶ 1. She filed claims of

3

employment discrimination and retaliation against the defendant with the Maine Human Rights Commission ("MHRC"), which caused the charge to be filed with the Equal Employment Opportunity Commission ("EEOC") as well. *Id*. ¶ 3.[2]

The MHRC dismissed the plaintiff's charge on September 27, 2013. *Id*. ¶ 4. The MHRC sent a letter dated September 27, 2013, to the plaintiff informing her of the dismissal. *Id*. ¶ 5. The plaintiff received the letter of dismissal "within a week or so" of September 27, 2013. *Id*. ¶ 8. She received it before December 7, 2013. *Id*. ¶ 9.[3]

The EEOC dismissed the plaintiff's charge on November 27, 2013. *Id*. 10. The EEOC sent a notice of dismissal dated November 27, 2013, to the plaintiff; the notice was postmarked November 29, 2013. *Id*. ¶¶ 11-12. The plaintiff received the EEOC notice before December 7, 2013. *Id*. ¶ 16.[4]

### III.  Discussion

Permissively read, the complaint alleges gender discrimination, a hostile work environment, and retaliation; violation of the Family Medical Leave Act; a claim under the Fair

---

[2] The plaintiff responds to this paragraph of the defendant's statement of material facts with a statement beginning with the word "Deny," but the remainder of her statement makes clear that she is denying only the inference that she draws from this paragraph, that she herself filed this charge. She states that the charges were filed by her attorney, which he or she could only have done on the plaintiff's behalf. Plaintiff's Responsive SMF ¶ 3. Therefore, this qualification has no effect on the consideration of the motion for summary judgment

[3] The plaintiff admits this paragraph of the defendant's statement of material facts and "requests the court please take notice of the defendant[']s copy of this letter dated as received December 9, 2013." Plaintiff's Responsive SMF ¶ 9. However, the date upon which the defendant received the letter is irrelevant to the application of the statutes of limitations that are the basis for the motion for summary judgment; rather, the date upon which the plaintiff received the letter controls.

[4] The plaintiff purports to deny this paragraph of the defendant's statement of material facts, Plaintiff's Responsive SMF ¶ 16, citing the date upon which the defendant received notice from the EEOC. That date cannot serve as evidence of the date upon which the plaintiff received the notice where, as here, the plaintiff admitted this fact in the record evidence cited by the defendant, Defendant's SMF ¶ 16: her sworn deposition testimony, Deposition of Wanita J. Frost (ECF No. 36-6) at 20, and her handwritten response to the defendant's Request for Admission No. 10 (ECF No. 36-2 at 3). She may not now contradict this testimony in order to create a disputed issue of material fact absent a satisfactory explanation. *Colantuoni v. Alfred Calcagni & Sons, Inc*, 44 F.3d 1, 4-5 (1st Cir. 1994).

Labor Standards Act; and violation of the "Whistle Blowers Act." Pro Se Civil Complaint (ECF No. 1). The defendant takes the position that all of the plaintiff's claims are time-barred.[5]

### A. MHRA Claims

Under the Maine Human Rights Act, a lawsuit must be commenced not more than either 2 years after the act complained of or 90 days after the dismissal of her charge. 5 M.R.S.A. §§ 4613, 4622. The last possible date of unlawful discrimination against the plaintiff by her employer by the terms of her complaint was January 14, 2011, when her employment was terminated. Complaint (ECF No. 1) at [2], [17]. Her complaint in this action was filed on March 7, 2014. *Id*. The plaintiff has not met the first statutory deadline, as the two years expired on January 14, 2013.

As to the alternative statutory deadline, 90 days before the complaint was filed was December 7, 2013, and the plaintiff has admitted that she received the notice of dismissal of her MHRC charge before that date. Defendant's SMF ¶¶ 8, 9. Accordingly, any claims that were or could have been brought to the MHRC by the plaintiff are time-barred. The defendant is entitled to summary judgment on these claims.

### B. Title VII Claims

The plaintiff's claims of discrimination, hostile work environment, and retaliation most likely arise under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Such claims must be filed within 90 days of receipt of the notice of dismissal from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Here, the plaintiff concedes that she received the notice before December 7, 2013. Defendant's SMF ¶ 16. Therefore, the complaint, which was filed on March 7, 2014, was filed more than 90 days after her receipt of the notice, and any claims under Title VII are time-barred.

---

[5] The plaintiff does not respond to the defendant's arguments concerning applicable statutes of limitations, using her opposition memorandum to restate the events of which she complains. [Memorandum] (ECF No. 39) at [5]-[8].

### C. Claim under the Family Medical Leave Act

The plaintiff specifies the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*., as a basis for jurisdiction over one or more of her claims. Complaint at [20]. Such claims must be brought within two years of the date of the last event constituting the violation for which the action is brought, or within three years if the violation was willful. 29 U.S.C. § 2617(c)(1) & (2). Here, the last possible date of any violation was January 14, 2011, when the plaintiff's employment was terminated. Defendant's SMF ¶ 1; Complaint at [2], [17]. The complaint was filed on March 7, 2014, more than three years after that date, and, therefore, any claim asserted under the Family Medical Leave Act is also time-barred.

### D. Claim under Fair Labor Standards Act

The plaintiff also cites the Fair Labor Standards Act as the basis for one or more of the claims in her complaint. Complaint at [20]. Under this statutory scheme, a claim must be brought within two years after the cause of action accrued. 29 U.S.C. § 255(a). Again, in this case, any cause of action under the Fair Labor Standards Act could not have accrued after the plaintiff's employment was terminated by the defendant, and, as a result, any such cause of action was time-barred before the plaintiff's complaint was filed.

### E. Whistleblowers' Protection Act

The plaintiff lists the "Whistle Blowers Act" as an additional basis for jurisdiction over one or more of her claims. Complaint at [20]. If she means to invoke the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 833, claims under that statute are governed by the same statute of limitations that applies to claims under the Maine Human Rights Act. *See, e.g., Faile v. State of Maine*, No. 1:12-CV-00055-JAW, 2012 WL 3990003, at *7 (D. Me. Aug. 6, 2012). Because the plaintiff filed this action more than two years after the date upon which her employment was

terminated and, in the alternative, if she included a claim under the Maine Whistleblower's Protection Act in her charge to the Maine Human Rights Commission, more than 90 days after her receipt of notice of the dismissal of that charge, any claims under this statute are untimely.

If the plaintiff meant to invoke whistleblowers' protection under federal law, the complaint does not specify with which of her federal statutory claims this claim is associated. There is no federal whistleblowers' protection statute, as such, but whistleblowers are protected under certain specific statutes that protect other rights. The complaint may be read to allege that the plaintiff reported a hostile working environment to the defendant's human resources department, Complaint at [5]; that she complained to Patrick Simmons in the head office in Arkansas that she was denied a promotion for no valid reason, *id.* at [8]; that she reported to Kim Ouelette, the defendant's human resources manager, that two co-workers refused to help her torque u-bolts, and that after arranging a meeting with all three workers, Ouelette refused the plaintiff's request to demote her back to a position that would not involve working with these individuals, *id.* at [14]-[15]; that she complained to Ouelette in writing that she was "written up" by her supervisor for swearing when the supervisor "didn't seem to have any issue with" drivers swearing in front of him, and reported three times to Ouelette that her supervisor made discriminating comments about her, *id.* at [16]; that she complained to the operations manager that her complaints to Ouelette had not been answered, *id.* at [17]. To the extent that these claims may reasonably be read to allege whistleblowing, they all appear to fit within the scope of the plaintiff's Title VII contentions. Title VII does not provide protection to whistleblowers beyond its coverage of retaliation claims. *Caruso v. Ogden Directories of PA, Inc.*, Civil No. 07-69-B-W, 2007 WL 2156418, at *2 (D. Me. July 23, 2007). Accordingly, the plaintiff has not alleged any cognizable basis for a federal whistleblower protection claim, if she meant to do so.

I have included this discussion of the plaintiff's whistleblowers' protection claims even though they are not explicitly addressed by the defendant's motion because they are governed by the same statutes of limitation expressly invoked by the defendant, and because allegations that manifestly fail to state a claim upon which relief may be granted should not survive a motion for summary judgment that has been granted as to all other claims asserted in a complaint.

### IV.     Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be **GRANTED** as to all claims asserted in the plaintiff's complaint.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of February, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge